IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MORRIS WILLIS, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | NO.  07-3203 |
| | : | |
| v. | : | |
| | : | |
| MARTIN DRAGOVICH, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM AND ORDER**

Before the court is Petitioner Morris Willis' Motion for Relief from Judgment Pursuant to
Fed. R. Civ. P. 60(b) (Docket No. 1), requesting relief from an order dated August 10, 1998
denying habeas relief.  For the reasons that follow, Petitioner's Motion for Relief Pursuant to
Rule 60(b) is denied.

Previously, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
2254 in this court in Civil Action No. 97-2114, concerning a 1985 conviction of First Degree
Murder and Criminal Conspiracy.  In his petition, Petitioner argued that the accomplice charge
given to the jury denied him due process of law and that his trial counsel was ineffective for
failing to object at trial to this allegedly defective accomplice charge.  Petitioner's Petition for a
Writ of Habeas Corpus was denied and dismissed on the merits.  The procedural history of this
matter is described in detail in Magistrate Judge Carol Sandra Moore Wells' Report and
Recommendation, which was adopted by the court in Civil Action No. 97-2114-EC and will not
be reiterated here.  The Report and Recommendation in 97-2114 is hereby incorporated by
reference.

Petitioner brings this motion under R. 60(b) seeking release from state custody based on the following claims:

1.     A miscarriage of justice occurred at Petitioner's trial when a defective charge was given to the jury and trial counsel failed to object to the charge; and

2.     Petitioner was not granted a fair hearing on his habeas petition to determine the operative facts of his constitutional claim.

Federal Rule of Civil Procedure 60(b) provides for relief from final judgment.[1]  Rule 60(b), however, only applies to habeas proceedings "to the extent that the practice in such proceedings is not set forth in statutes of the United States" or the "Rules Governing Section 2254." Fed. R. Civ. P. 81(a)(2).  Section 2254 is part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-2266.  AEDPA deals with the right of persons in state or federal custody to file a petition in federal court seeking the issuance of a writ of habeas corpus.  AEDPA contains a "second or successive petition rule", which generally forbids a petitioner from filing a petition for a writ of habeas corpus if that petitioner had

---

[1] Rule 60(b) states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic of extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

previously filed a petition for a writ of habeas corpus that was dismissed with prejudice.  See

Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005); Christy v. Horn, 115 F.3d 201, 208 (3d

Cir. 1997).

      The first issue before the court, then, is the extent to which AEDPA limits the application

of Rule 60(b).  In Gonzalez v. Crosby, the United States Supreme Court addressed this very

question.  545 U.S. 524 (2005).  The court held that if a motion for relief under Rule 60(b) sets

forth what would constitute a "claim" under 28 U.S.C. § 2244, such a motion must be considered

to be a successive petition for habeas corpus relief, requiring authorization from the circuit court

of appeals.  Id. at 532.  A Rule 60(b) motion sets forth a "claim" if it attempts to "add a new

ground for relief" or "attack the federal court's previous resolution of a claim on the merits."  Id.

A Rule 60(b) motion does not set forth a "claim" if it attacks "some defect in the integrity of the

federal habeas proceedings" and not "the substance of the federal court's resolution on the

merits."  Id.  Similarly, in Pridgen v. Shannon, the Third Circuit held that:

> In instances in which the factual predicate of a petitioner's Rule
> 60(b) motion attacks the manner in which the earlier habeas
> judgment was procured and not the underlying conviction, the Rule
> 60(b) motion may be adjudicated on the merits.  However, when
> the Rule 60(b) motion seeks to collaterally attack the petitioner's
> underlying conviction, the motion should be treated as a successive
> habeas petition.

380 F.3d 721, 727 (3d. Cir. 2004).

      The court must determine whether Petitioner's 60(b) motion sets forth a "claim" under §

2244.  If so, it must be treated like a habeas corpus application.  Gonzalez, 545 U.S. at 531.

Since Petitioner has previously filed a habeas claim before that was dismissed on the merits, the

motion before the court would be a second or successive habeas petition under § 2254, requiring authorization from the Third Circuit before it could be filed in the district court.  28 U.S.C. § 2244(b)(3)(A).

In the motion before the court, Petitioner's first argument, that a miscarriage of justice occurred at his trial when a defective charge was given to the jury and trial counsel failed to object to the charge, is an attempt to attack the court's previous resolution of this claim on the merits.  This is clearly a "claim" within the meaning of § 2244.  While Petitioner's second argument purports to assert a procedural error on the part of the court in failing to hold an evidentiary hearing on Petitioner's 1997 habeas petition, it is actually a contention that there is a new rule of constitutional law, pursuant to Everett v. Beard, 290 F.3d 500 (3d Cir. 2002), which is substantive in nature and should apply retroactively to Petitioner's case.  This is not an argument that there was a "defect in the integrity of the federal habeas proceedings", but a new ground for relief based on a new rule of constitutional law developed in caselaw subsequent to this court's dismissal of his petition for writ of habeas corpus.  Gonzalez, 545 U.S. at 532.  As such, Petitioner's second argument can also be characterized as a "claim" for the purposes of § 2244.  See Gonzalez, 545 U.S. at 532.

As Petitioner's Rule 60(b) motion contains claims under § 2244, the court must treat it as a second or successive habeas petition under § 2254.  Before a second or successive petition may be filed in the district court, a petitioner must first petition the U.S. Court of Appeals for the Third Circuit for permission for this court to consider his arguments in a second or successive petition, pursuant to 28 U.S.C. 2244(b)(3)(A).

AND NOW, this 11th day of April, 2008, it is hereby ORDERED that Petitioner's motion for relief pursuant to Fed. R. Civ. P. 60(b) is DENIED.  Petitioner's motion is, in fact, a second or successive petition for a writ of habeas corpus under 29 U.S.C. § 2254, and Petition has not been granted permission by the Court of Appeals for the Third Circuit to file such a petition in this court.  The Clerk of Court shall mark this matter CLOSED for all purposes, including statistics.

BY THE COURT:

S/ James T. Giles
                                      J.